## GLADYS A. WILLCOX, CONSERVATRIX
*vs.*
## FREDERICK W. BEACH, EXTR.

Superior Court        Hartford County        File No. 64833

MEMORANDUM FILED JULY 10, 1941.

*William N. DeRosier,* of Bristol, for the Plaintiff.

*S. Russell Mink,* of Bristol, for the Defendant.

SIMPSON, J.   This is an action upon an alleged agreement in writing to pay for the services of plaintiff's ward rendered to his father.   The defendant in his answer denies the execution of the contract, and then, as a second defense, says: "The defendant states that the statute of limitations renders any such agreement as is alleged in the plaintiff's complaint unenforceable at law, and therefore denies that the defendant is indebted to the plaintiff in any sums alleged and claimed under such agreement."   It seems to the court that this so-called second defense is more of a statement or claim of law than a pleading of the statute of limitations.   For that reason, and in as much as the case will have to be tried anyway, the plaintiff might well have resisted the urge to file a demurrer thereto, and left the interpretation of the agreement to the trial court, and thus have saved the time of both this court and counsel.

However, the parties have treated this defense as being a plea of the statute of limitations and the demurrer as raising the question as to when the amount owing plaintiff became due, and the court will so consider it.

It is a well recognized rule of law that the statute of limitations does not begin to run until the amount claimed is payable or becomes due and an action can be brought thereon.

The contract sued upon was an agreement or arrangement of employment between father and son, by which the son was to devote substantially all his time in the service of his father, in the management of the father's affairs and business, which was that of running a dairy farm.   The son was to receive or be credited with $40 per month and to receive his board,

laundry and mending. The son was entitled to draw, from time to time, such cash payments as he might need for his personal necessities, such sums to be charged to his monthly salary of $40 per month.

While it was expected that this arrangement should continue during their mutual lives, provision was made that either could terminate this contract or arrangement upon 30 days' notice to the other. The contract appears to have been made on January 1, 1912, but not reduced to writing until June 15, 1915. It was terminated upon notice effective April 1, 1916. At that time it is alleged there was $2,025 owing the plaintiff.

It was further provided in the contract that "the statute of limitations shall not run against any portion of said salary account, and that the unpaid portion of said salary account, at the time of the termination of this agreement, whether the same be terminated by the death of one of the parties hereto or by the giving of the notice hereinbefore provided for by either and the termination of this arrangement, shall be payable after his decease out of the estate", of the father, and that the unpaid balance of the salary account should draw interest from the date of such termination until paid.

It is clear from the agreement that the unpaid portion of the salary account was not payable until the father died, which was January 17, 1941. No suit or action could have been brought for such unpaid portion of the salary account before that time. Consequently, the statute of limitations did not begin to run prior thereto.

The demurrer is therefore sustained.